The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CARLOS O. CABALLERO DDS, MS, PS, d/b/a Master Orthodontics, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY INSURANCE COMPANY, <br><br> Defendant. | No. 3:20-cv-05437-BJR <br><br> AMENDED COMPLAINT—CLASS ACTION <br><br> JURY DEMAND |

## I.    INTRODUCTION

Plaintiff Carlos O. Caballero DDS, MS, PS d/b/a Master Orthodontics ("Plaintiff" or "Caballero"), individually and on behalf of all other similarly situated members of the defined national class and the defined Washington subclasses (the "Class Members"), by and through the undersigned attorneys, brings this class action against Defendant Massachusetts Bay Insurance Company ("Defendant" or "MBIC") and alleges as follows based on personal knowledge and information and belief:

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.     JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and Washington subclass is a citizen of a state different from that of Defendant, the proposed Class and subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.     This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts with Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiff and all of the Washington subclass members in this case arise out of and directly relate to Defendant's contacts with Washington.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's businesses are in Bremerton, Washington, Kitsap County; Port Orchard, Washington, Kitsap County; and Gig Harbor, Washington, Kitsap County. This action is therefore appropriately filed in this District.

AMENDED COMPLAINT—CLASS ACTION - 2
(3:20-cv-05489-BJR)

### III.    PARTIES

5.    Plaintiff Carlos O. Caballero DDS, MS, PS d/b/a Master Orthodontics, owns and operates an orthodontics practice in three locations, 55 NE Fairgrounds Rd., #100 and #102, Bremerton, Washington, 1890 Pottery Ave., Port Orchard, WA 98366, and 4700 Point Fosdick Dr. NW, #204, Gig Harbor, WA 98335.

6.    Defendant Massachusetts Bay Insurance Company is an insurance carrier incorporated in New Hampshire and Massachusetts whose headquarters are located in Worcester, Massachusetts.

7.    Defendant MBIC is authorized to write, sell, and issue business insurance policies in all fifty states and the District of Columbia. MBIC conducted business within these states by selling and issuing business insurance policies to policyholders, including Caballero.

8.    Defendant is vicariously liable for the acts and omissions of its employees and agents.

### IV.    NATURE OF THE CASE

8.    This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

9.    Defendant MBIC issued one or more "all risk" insurance policies to Plaintiff, including Businessowners Insurance Policy and related endorsements insuring Plaintiff's property and business practice and other coverages, with effective dates of January 1, 2020 to January 1, 2021.

10.    Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of providing orthodontics services and related business activities.

AMENDED COMPLAINT—CLASS ACTION - 3
(3:20-cv-05489-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

11.     MBIC Businessowners Coverage promises to pay Plaintiff for risks of "direct physical loss of or damage to" to covered property and includes coverage for risks for "loss of or damage to" covered property.

12.     MBIC's Businessowners Coverage Form provides Plaintiff with Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage, Civil Authority Coverage, Denial of Access to Premises Coverage, and other relevant coverages.

13.     On information and belief, MBIC insures thousands of businesses throughout Washington and the rest of the United States under materially identical policies.

14.     Plaintiff paid all premiums for the coverage when due.

15.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

16.     COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States including Washington State. In many infected persons, the virus causes severe illness and requires hospitalization, including intubation.  The virus has killed at least 200,000 people in the United States to date.  Persons who survive the virus have experienced ongoing cognitive and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

17.     The virus is a physical substance that spreads person to person through respiratory droplets that reach another person and that are produced when an infected person breaths, talks, coughs or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., furniture, dentistry instruments, tables, door knobs, chairs, touch screens) and those objects are then touched by another person who then touches

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

their own mouth, nose or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

18.    COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet will still spread the virus. Guidance issued by the United States Centers for Disease Control & Prevention (CDC) recommends avoiding indoor activities, adhering to strict sanitation protocols, and maintaining social distance of at least six feet from others in order to minimize the spread of COVID-19.[2]

19.    The CDC also recognizes that "dental settings have unique characteristics that warrant specific infection control considerations," and that the most critical dental services must be prioritized in a way that minimizes harm to patients from delaying care while minimizing harm to personnel and patients from potential exposure to COVID-19 infection.[3]

20.    In March 2020, the American Dental Association ("ADA") recommended that dental providers close their offices for all but emergency care.[4]  Upon expiration of that guideline

---

[1] *See, e.g.*, *Coronavirus Disease 2019 (COVID-19):Frequently Asked Questions* (updated Sept. 18, 2020), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.

[2] *Coronavirus Disease 2019 (COVID-19): Personal and Social Activities*, Centers for Disease Control & Prevention (updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

[3] *Coronavirus Disease 2019 (COVID-19): Guidance for Dental Settings,* Centers for Disease Control & Prevention (updated August 28, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/dental-settings.html

[4] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/march/ada-calls-upon-dentists-to-postpone-elective-procedures (last visited September 24, 2020).

AMENDED COMPLAINT—CLASS ACTION - 5
(3:20-cv-05489-BJR)

in April 2020, the ADA recommended that dental providers keep their offices closed to all but urgent and emergency procedures.[5]

21.     Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

22.     Public health data throughout the United States shows the rate of positive testing by state, the numbers of persons by state who have been diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics.[6]

23.     As of September 25, 2020, at least 88,607 persons in Washington State have tested positive for COVID-19; 7,262 have been hospitalized, and 2,175 have died due to the COVID-19 virus.

24.     As of September 28, 2020, over 1,200 persons in Kitsap County have tested positive for COVID-19; at least 96 have been hospitalized, and at least 14 have died due to the COVID-19 virus.

25.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

---

[5] American Dental Association press room releases: https://www.ada.org/en/press-room/news-releases/2020-archives/april/summary-of-ada-guidance-during-the-covid-19-crisis (last visited September 24, 2020).

[6] *See, e.g.*, *The New York Times*, Covid in the U.S.: Latest Map and Case Count (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (last visited Sept. 28, 2020).

AMENDED COMPLAINT—CLASS ACTION - 6
(3:20-cv-05489-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

26.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and direct physical loss of property.

27.     The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

28.     The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and direct physical loss of property.

29.     The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and direct physical loss to the premises and property.

30.     Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

31.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the State of Washington as the result of COVID-19. Thereafter, he issued a series of proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

32.     On March 19, 2020, Governor Inslee issued a "PROCLAMATION BY THE GOVERNOR AMENDING PROCLAMATION 20-05: 20-24 Restrictions on Non Urgent Medical Procedures," which prohibited dental practitioners from providing dental services but for urgent and emergency procedures:

WHEREAS, the health care personal protective equipment supply chain in Washington State has been severely disrupted by the significant increased use of such equipment worldwide, such that there are now critical shortages of this equipment for health care

AMENDED COMPLAINT—CLASS ACTION - 7
(3:20-cv-05489-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

workers. To curtail the spread of the COVID-19 pandemic in Washington State and to protect our health care workers as they provide health care services, it is necessary to immediately prohibit all hospitals, ambulatory surgery centers, and dental orthodontic, and endodontic offices in Washington State from providing health care services, procedures and surgeries that require personal protective equipment, which if delayed, are not anticipated to cause harm to the patient within the next three months[.]

33.     Proclamation 20-24 provides that one of the reasons it was issued was that "the worldwide COVID-19 pandemic and its progression throughout Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."

34.     On information and belief, Proclamation 20-24 refers to the health of Washingtonians and property damage throughout Washington State, including Kitsap County where Plaintiff's businesses are located.

35.     On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental practitioners, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2000, and throughout the duration of the catastrophic health emergency.

36.     On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington Department of Health and postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

37.     On March 30, 2020, Governor Inslee issued Order Number 20-03-30-01 affecting persons and residents within the State of Washington, which includes a "Stay-at-Home Order"

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

requiring all persons living in Washington to stay in their homes or places of residences except under certain specified circumstances.

38.     Governor's Inslee's Proclamations and Orders related to COVID-19 have been extended and modified from time to time.

39.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

40.     Loss caused by COVID-19 and/or Governor Inslee's orders and proclamations, rendered Plaintiff's property unusable for its intended and insured purpose.

41.     Plaintiff's property sustained direct physical loss and/or direct physical property damage related to COVID-19, and/or the proclamations and orders.

42.     Plaintiff's property will continue to sustain direct physical loss or damage covered by the MBIC policy or policies, including but not limited to practice coverage interruption, extra expense, interruption by civil authority, and other expenses.

43.     Plaintiff has been unable to use its physical property for its intended business purposes.

44.     As a result of the above, Plaintiff has experienced and will experience loss covered by the MBIC policy or policies.

45.     Plaintiff complied with all requirements in the MBIC policy or policies.

46.     Plaintiff submitted a claim for business interruption with MBIC on May 4, 2020 at 11:40 am.

47.     Plaintiff's claim file reflects that MBIC "closed" Plaintiff's "entire claim" on May 4, 2020 at 12:59 pm.

48.     MBIC approved Plaintiff's claim denial letter on May 5, 2020 at 9:41 am.

AMENDED COMPLAINT—CLASS ACTION - 9
(3:20-cv-05489-BJR)

49.    MBIC did not conduct any investigation into Plaintiff's loss.

50.    MBIC's consideration of Plaintiff's claim was inadequate.

51.    MBIC's denial of Plaintiff's claim was not based on any factor unique or particular to Plaintiff.

52.    MBIC's denial of Plaintiff's claim was not based on the location of Plaintiff's business.

53.    MBIC's denial of Plaintiff's claim was not based on the nature of Plaintiff's business.

54.    MBIC's denial of Plaintiff's claim was not based on the language, timing, or effect of any order or proclamation that affected Plaintiff's business.

55.    MBIC denied Plaintiff's claim based on its internal policy to deny business income coverage claims related to COVID-19.

56.    Upon information and belief, MBIC has denied all claims submitted for business income coverage, and has done so without meaningful investigation of whether there are differences from one claim to the next with regard to losses arising out of the COVID-19 pandemic and/or governmental orders affecting claimants.

57.    Upon information and belief, MBIC has denied and will deny coverage for all other similarly situated policyholders based on its policy to deny business interruption claims related to COVID-19.

## V.    CLASS ACTION ALLEGATIONS

58.    This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

AMENDED COMPLAINT—CLASS ACTION - 10
(3:20-cv-05489-BJR)

59.     Prosecuting separate actions by individual class members, in lieu of proceeding as a class action, would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for MBIC.

60.     As alleged above, MBIC has acted or refused to act on grounds that apply generally to the proposed class and subclasses, such that final injunctive relief or declaratory relief is appropriate.

61.     The questions of law or fact common to class and subclass members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

62.     The Classes and Subclasses that Plaintiff seeks to represent are defined as:

A.     ***Business Income Coverage Breach of Contract Class:*** All persons and entities in the United States issued a MBIC policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Business Income claim has been denied by MBIC.

B.     ***Business Income Coverage Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income claim has been denied by MBIC.

C.     ***Business Income Coverage Declaratory Relief Class:*** All persons and entities in the United States issued a MBIC policy with Business Income Coverage who

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

D.    ***Business Income Coverage Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

E.    ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued a MBIC policy with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by MBIC.

F.    ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by MBIC.

G.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued a MBIC policy with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

AMENDED COMPLAINT—CLASS ACTION - 12
(3:20-cv-05489-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

H.    ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extended Business Income Breach of Contract Class***: All persons and entities in the United States issued a MBIC policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by MBIC.

J.    ***Extended Business Income Breach of Contract Washington Subclass***: All persons and entities in the State of Washington issued a MBIC policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by MBIC.

K.    ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued a MBIC policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.    ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Extended Business Income coverage who suffered a suspension of their business at the covered

AMENDED COMPLAINT—CLASS ACTION - 13
(3:20-cv-05489-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

M.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured issued a MBIC policy with Civil Authority coverage who suffered suspension of their business at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by MBIC.

N.      ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Civil Authority coverage who suffered suspension of their practice at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by MBIC.

O.      ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued a MBIC policy with Civil Authority coverage who suffered a suspension of their practice at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.      ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington issued a MBIC policy with Civil Authority coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19  and/or orders issued by Governor Inslee, and/or other civil authorities.

Q.      ***Denial of Access to Premises Breach of Contract Relief Class:*** All persons and entities in the United States issued a MBIC policy with Denial of Access to Premises coverage who suffered a suspension of their business at the covered premises

AMENDED COMPLAINT—CLASS ACTION - 14
(3:20-cv-05489-BJR)

related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Denial of Access to Premises claim has been denied by MBIC.

R.      *Denial of Access to Premises Breach of Contract Washington Subclass:* All persons and entities in the state of Washington issued a MBIC policy with Denial of Access to Premises coverage who suffered a suspension of business at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Denial of Access to Premises claim has been denied by MBIC.

S.      *Denial of Access to Premises Declaratory Relief Class:* All persons and entities in the United States issued under a MBIC policy with Denial of Access to Premises coverage who suffered a suspension of business at the covered premises related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

T.      *Denial of Access to Premises Declaratory Relief Washington Subclass:* All persons and entities in the state of Washington issued a MBIC policy with Denial of Access to Premises coverage who suffered a suspension of business at the covered premised related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

63.      Excluded from the Classes and Subclasses are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definition based on information obtained in discovery.

AMENDED COMPLAINT—CLASS ACTION - 15
(3:20-cv-05489-BJR)

64.     This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

65.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical.  Plaintiff is informed and believes that each proposed Class and Subclass contains hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

66.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.     Whether the class members suffered cognizable losses under the MBIC policies;

B.     Whether MBIC acted in a manner common to the Class and Subclass in denying claims on the same grounds for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.     Whether Business Income Coverage in MBIC's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.     Whether Extra Expense coverage in MBIC's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.     Whether Extended Business Income coverage in MBIC's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

AMENDED COMPLAINT—CLASS ACTION - 16
(3:20-cv-05489-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.      Whether Civil Authority coverage in MBIC's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.      Whether Denial of Access to Premises coverage in MBIC's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

H.      Whether MBIC has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

I.      Whether, because of Defendant's conduct, Plaintiff and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

67.      **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of MBIC. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

68.      **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

69.      **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks

AMENDED COMPLAINT—CLASS ACTION - 17
(3:20-cv-05489-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

70. **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

71. **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.   CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, Civil Authority Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Denial of Access to Premises Declaratory Relief Class, and Denial of Access to Premises Declaratory Relief Washington Subclass)*

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

72.     Previous paragraphs alleged are incorporated herein.

73.     This is a cause of action for declaratory judgment pursuant to the Declaratory

Judgment Act, codified at 28 U.S.C. § 2201.

74.     Plaintiff brings this cause of action on behalf of the Business Income Coverage

Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass,

Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory

Relief Washington Subclass, Civil Authority Declaratory Relief Class, Civil Authority

Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense

Declaratory Relief Washington Subclass, Denial of Access to Premises Declaratory Relief Class,

and Denial of Access to Premises Declaratory Relief Washington Subclass.

75.     Plaintiff seeks a declaratory judgment declaring that Plaintiff's and class

members' losses and expenses resulting from the interruption of their business are covered by the

Policy.

76.     Plaintiff seeks a declaratory judgment declaring that MBIC is responsible for

timely and fully paying all such claims.

### **Count Two—Breach of Contract**

***(Brought on behalf of the Business Income Coverage Breach of Contract Class,
Business Income Coverage Breach of Contract Washington Subclass, Extended Business
Income Breach of Contract Class, Extended Business Income Breach of Contract Washington
Subclass, Civil Authority Breach of Contract Class, Civil Authority Breach of Contract
Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of
Contract Washington Subclass, Denial of Access to Premises Breach of Contract Class, and
Denial of Access to Premises Breach of Contract Washington Subclass)***

77.     Previous paragraphs alleged are incorporated herein.

78.     Plaintiff brings this cause of action on behalf of the Business Income Coverage

Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass,

AMENDED COMPLAINT—CLASS ACTION - 19
(3:20-cv-05489-BJR)

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, Civil Authority Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Denial of Access to Premises Breach of Contract Class, and Denial of Access to Premises Breach of Contract Washington Subclass.

79.    The Policy is a contract under which Plaintiff and the class paid premiums to MBIC in exchange for MBIC's promise to pay Plaintiff and the class for all claims covered by the Policy.

80.    Plaintiff has paid its insurance premiums.

81.    Plaintiff Caballero has been denied coverage for his losses covered by the MBIC policy or policies.

82.    Upon information and belief, MBIC has denied, and will continue to deny coverage for Plaintiff and other similarly situated policyholders.

83.    Denying coverage for the claim is a breach of the insurance contract.

84.    Plaintiff is harmed by the breach of the insurance contract by MBIC.

## VII.    PRAYER

1.    Class action status under Fed. R. Civ. P. 23.

2.    A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of Plaintiff's business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.    A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

4.    Damages.

AMENDED COMPLAINT—CLASS ACTION - 20
(3:20-cv-05489-BJR)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.      Pre- and post-judgment interest at the highest allowable rate.

6.      Reasonable attorney fees and costs.

7.      Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

DATED this 28th day of September, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/ Maureen Falecki*
By: *s/ Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Maureen Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: kswope@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com

By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

***Attorneys for Plaintiff and the Proposed Class***

4812-2513-2748, v. 1

AMENDED COMPLAINT—CLASS ACTION - 22
(3:20-cv-05489-BJR)